

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30077 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00060-BMM-1 |
| v. | |
| KEITH CLIFFORD CASEY CUNNINGHAM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted May 8, 2015[**]
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and BAYLSON,[***] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael M. Baylson, Senior District Judge for the
U.S. District Court for the Eastern District of Pennsylvania, sitting by designation.

Appellant Keith Clifford "Casey" Cunningham appeals his conviction for violating 18 U.S.C. § 2251(a), which, as relevant here, criminalizes inducing or using a child to engage in, "with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cunningham argues on appeal that his confrontation right under the Sixth Amendment was violated because the child victim was not called to testify. Because Cunningham did not object at trial to the admission of statements that may have implicated this right, we review for plain error. *United States v. Anekwu*, 695 F.3d 967, 973 (9th Cir. 2012).

Cunningham contends that his right to confront the witness against him was violated because the government did not call the child victim to testify, whether in Cunningham's presence or via closed-circuit television. He argues that the victim was a witness against him because she was present when he allegedly committed the crime and because her allegations triggered the investigation that ensnared him. But that is not the legally relevant meaning of "witness." Rather, a witness for purposes of the Confrontation Clause is (1) someone who testifies in court or (2) someone whose testimonial out-of-court statements are admitted at trial to prove the truth of the matter asserted. *See Davis v. Washington*, 547 U.S. 813, 821

(2006) (citing *Crawford v. Washington*, 541 U.S. 36, 51 (2004)). The victim was plainly not the first type of witness and Cunningham has waived the argument that she was the second type. Cunningham did not argue in his opening brief that the victim was a witness against him because her testimonial hearsay was introduced at trial via the testimony of her mother and the investigating officer. Indeed, he does not mention *Crawford* at all. Therefore, we will not entertain this argument. *See Paladin Assoc., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

Cunningham also contends that the trial court erred by admitting evidence that he had previously purchased an online video depicting child pornography. We review evidentiary rulings for abuse of discretion. *See United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000).

The district court did not abuse its discretion in admitting evidence about Cunningham's purchase from primteens.com. Federal Rule of Evidence 404(b) does not prohibit the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character if the evidence bears on a relevant issue, such as motive, intent, knowledge, and lack of accident. Fed. R. Evid. 404(b)(2). The website evidence was probative of Cunningham's intent to sexually exploit the victim because it tended to show that he has sexual feelings for children and that he did not inadvertently take sexually explicit photographs of the victim. "Thus, the

3

evidence was probative both of [Cunningham's] intent and the credibility of his innocence defense." *United States v. Curtin*, 489 F.3d 935, 950 (9th Cir. 2007) (en banc). In addition, the evidence, which was admitted to prove a material element of the crime, was similar to the offense charged, was based on sufficient evidence, and was not too remote in time. *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004) (explaining the factors used to determine whether evidence is admissible under Rule 404(b)).

**AFFIRMED.**